IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 4:22-CR00467 |
| LOYSE DOZIER | ) ) ) |
| Defendant. | ) ) |

# DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant Loyse Dozier, by and through his attorneys, David Bruns and Cira R. Duffe, and provides the Court with the following information in support of the parties' joint request for a sentence of 384 months in the Bureau of Prisons.

Title 18, United States Code, Section 3553(a) states that the "Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. Paragraph 2 sets forth the following purposes:

(a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(b) To afford adequate deterrence to criminal conduct;

(c) To protect the public from further crimes of the defendant;

(d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Guideline range is 324-405 months. The jointly requested sentence of 384 months would comply with the purposes set forth in Title 18, United States Code, Section 3553(a)(1) and (2).

1

I. **A 384-Month Sentence Adequately Reflects the Seriousness of the Offense and Provides Just Punishment.**

There is no dispute that the facts of this case justify a 384-month sentence. There is no crime more serious than one involving the intentional taking of another's life.  A sentence of 384 months is a significant sentence that will result in the Defendant being confined in the Bureau of Prisons. A sentence of 384 months ensures that the Defendant remains in custody until he is fifty-three years old, after which he is subject to supervised release. A 384-month sentence sends a clear message that murder is taken seriously and punished severely.

II. **A 384-Month Sentence Promotes Respect for the Law**

The parties are aware that the Court can impose any sentence within the statutory range of punishment after considering the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a). However, the United States would be remiss if it did not highlight that the United States and the Defendant are in the best position to weigh the relative risks and benefits of a trial versus a plea agreement. When the parties' evaluation of those risks results in a plea agreement with a joint sentencing recommendation, the Court's imposition of that recommended sentence promotes respect for the law and the criminal justice system. The parties and the community will believe the law and the criminal justice system is just and fair, leading to greater trust and respect for the law and the criminal justice system.  A sentence of 384 months, 32 years, promotes respect for the law.

III. **A 384- Month Sentence is Justified and Will Serve as an Adequate Deterrent.**

The need for adequate deterrence further justifies a 384-month sentence. *See* Title 18, United States Code, Section 3553(a)(2)(b) and (c). The Defendant's crimes are serious and deserve a serious sentence to deter the Defendant and others from committing future acts of violence.

2

A sentence of 384 months is a lengthy sentence and is far more time than the Defendant has previously served. As indicated above, the Defendant would be nearly fifty-four years old when released, if sentenced to 384 months. As such, the Defendant believes a 384-month sentence provides adequate deterrence.

**IV.     A Sentence of 384 Months Protects the Public**

The investigation into this case was long and complex. Law enforcement interviewed a multitude of witnesses.

By jointly requesting a sentence of 384 months, the United States was able to secure the Defendant's guilty plea. The Defendant's guilty plea avoided the time, cost, and risks associated with a trial and provided security and safety to the witnesses who spoke to law enforcement. The Defendant's guilty plea provided those witnesses the peace of mind that they do not have come to court. The parties jointly requested sentence of 384-months protects witnesses from many of the risks associated with having provided information to law enforcement or from testifying in a trial.

Additionally, the parties believe a sentence of 384 months protects the general public. As discussed, the Defendant will remain incarcerated for 32 years and will not be eligible for release until he is nearly fifty-four years old at which age Defendant poses a significantly lesser risk to the community.

WHEREFORE, the Defendant joins the government in requesting a sentence of 384 months, as the Defendant agrees 384 months is a sentence sufficient, but not greater than necessary, to comply with the factors outlined in Title 18, United States Code, Section 3553(a) and in considering the provisions of the United States Sentencing Guidelines.

Respectfully submitted,


*/s/ Cira R. Duffe*
Cira R. Duffe, #49506MO
101 E. Columbia Street
Farmington, MO 63640
(573) 756-8082

*Attorneys for Defendant*

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2024, the foregoing was filed electronically with the Clerk of the Court and all counsel of record for the Government.

                                          */s/ Cira R. Duffe*
                                          CIRA R. DUFFE, #49506MO
                                          Attorney for Defendant